## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TONNEY HORATIO KERBAY, | : | MANDAMUS |
| A#0939359319, | : | 28 U.S.C. § 1361 |
|    Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:17-CV-1146-TWT-CMS |
| DO PETTIS, et al., | : | |
|    Respondents. | : | |

### FINAL REPORT AND RECOMMENDATION

This matter is before the Court on a Petition for Writ of Mandamus filed by Tonney Horatio Kerbay.  *See* [1].  Kerbay has, however, neither paid the $400 due in case initiation fees, nor filed an application for permission to proceed *in forma pauperis*.

Kerbay, a Liberian national, states that he is detained at present in a U.S. Immigration and Customs Enforcement ("ICE") facility located in Miami, Florida.  *See* [1] at 3.  That facility is subject to the supervision of ICE's Miami Field Office.  *See* https://www.ice.gov/contact/ero.

Kerbay, nonetheless, has named as respondents two ICE employees who work at the Irwin County Detention Center, in Ocilla, Georgia, and a third respondent who works in ICE's Atlanta Field Office.  *See* [1] at 1-2.  It appears that Kerbay has named these three Georgia-based respondents

because he sent each of them substantially identical one-page documents while he was in detention in Georgia in February 2017, asking that he be immediately removed from the United States to Liberia.  *See* [1] at Ex. 2, 3 & 4.

A writ of mandamus "is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" *Cheney v. U.S. Dist. Ct. for the Dist. Of Columbia*, 542 U.S. 367, 380 (2004) (quoting *Ex Parte Fahey*, 332 U.S. 258, 259-60 (1947)); *see also Cash v. Barnhart*, 327 F.3d 1252, 1257 (11th Cir. 2003) ("Mandamus is an extraordinary remedy which should be utilized only in the clearest and most compelling of cases.").  Three conditions must be met to warrant issuance of a writ of mandamus.  First, "the party seeking issuance of the writ must have no other adequate means to attain the relief he desires."  *Cheney*, 542 U.S. at 380-81.  Second, the petitioner's right to issuance of the writ must be "clear and indisputable." *Id.* at 381.  Third, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances."  *Id.*

Kerbay has not alleged facts sufficient to meet this standard.  First, Kerbay's Petition acknowledges that he was only taken into custody in January 2017, and it includes no information that would suggest that he

has exhausted all other means for obtaining the relief he now seeks. Second, even construed liberally, Kerbay's Petition identifies no authority that establishes that he has a "clear and indisputable" right to expedited removal upon demand. Third, and again construed liberally, Kerbay's Petition offers no persuasive argument that "the writ is appropriate under the circumstances."

For each of the foregoing reasons, I **RECOMMEND** that this case be **DISMISSED WITHOUT PREJUDICE**.[1]

Solely for the purpose of dismissal, I **GRANT** Kerbay permission to proceed *in forma pauperis*.

If Kerbay files Objections to this Final Report and Recommendation, I **ORDER** him to include with those Objections either (A) the $400 due in case initiation fees or (B) a complete application for permission to proceed *in forma pauperis*, with *all* required signatures, certifications, and attachments.  *See* 28 U.S.C. § 1915.

I **DIRECT** the Clerk to terminate the referral of this case to me.

---

[1] Dismissal without prejudice will permit Kerbay, if he chooses to do so, to prepare and file in the future in a new case a more-carefully-drafted Petition that addresses the *Cheney* factors.

**SO RECOMMENDED, ORDERED, AND DIRECTED**, this 31st day of March, 2017.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE